1

2

3                      **UNITED STATES DISTRICT COURT**
                            **DISTRICT OF NEVADA**
4

5   PERI & SONS FARMS, INC.,                )        3:11-CV-0757-VPC
                                            )
6            Plaintiffs,                     )
                                            )        **ORDER**
7        vs.                                 )
                                            )
8   JAIN IRRIGATION, INC.,  et al.,          )
                                            )
9            Defendants.                     )
    _____ )
10

11          Before the court is plaintiff's motion for partial judgment on the pleadings against defendant

12   Agri-Valley Irrigation, Inc. (#78).[1]  Defendant opposed (#81) and plaintiff replied (#82).

13                   **I.   FACTUAL AND PROCEDURAL BACKGROUND**

14          In 2010, Agri-Valley sold irrigation drip tape to Peri & Sons for their 2011 onion crop grown in

15   Mason Valley, Nevada (#64, p. 1).  Jain Irrigation bid for Peri & Sons's business through Agri-Valley,

16   Jain Irrigation's distributor. *Id*. at 5.  Jain Irrigation manufactured the drip tape for Peri & Sons and

17   delivered it to Peri & Sons in Yerington, Nevada. *Id*. at 2. *Id*.  Irrigation drip tape is buried in the

18   ground and contains small openings through which irrigation water is pumped through the tape. *Id*. The

19   drip tape allows for a designated rate of flow to irrigate the planted crop. *Id.*  Peri & Sons alleges that

20   the drip tape was defective because the emitters or slits in the drip tape were misplaced on the tape and

21   were blocked or partially blocked and failed to irrigate Peri & Sons's onion crops. *Id*. at 23.  Peri &

22   Sons used initial samples of drip tape in 2009 and 2010 which worked as they were intended to work.

23   *Id*. at 5.  Peri & Sons filed its first amended complaint on May 21, 2012 (#64) and Agri-Valley filed an

24   answer on June 18, 2012 (#71).

25          In its first amended complaint, Peri & Sons alleges that Jain Irrigation manufactured a defective

26   irrigation drip tape which plaintiff used in its commercial agriculture (#64 at 1).  Plaintiff further claims

27

28          [1]Refers to the court's docket numbers.

1  that Agri-Valley sold the drip tape to Peri & Sons for its 2011 onion crop. *Id*. at 2.  Plaintiff states that

2  it suffered damages as a result of the defective drip tape. *Id*.

3          Peri & Sons alleges the following claims against Agri-Valley Irrigation: (1) breach of contract;

4  (2)  breach of the implied covenant of good faith and fair dealing; (3) breach of express warranty; (4)

5  breach of implied warranty of merchantability; and (5) breach of implied warranty of fitness for a

6  particular purpose.  Agri-Valley answered the first amended complaint (#71), and this motion concerns

7  only the fourth claim for a breach of the implied warranty of merchantability against Agri-Valley.

8          The facts, as alleged in Peri & Sons' complaint and admitted in Agri-Valley's answer, establish

9  that (1) Agri-Valley is a merchant in irrigation drip tape, (2) the drip tape Agri-Valley sold to Peri &

10  Sons was defective and unfit for the ordinary purpose for which drip tape is used, and (3) Peri & Sons

11  suffered damages as a result of the defective drip tape**.** *See*  first amended complaint (#64) at ¶¶ 159, 1,

12  6 & 9; *see* Agri-Valley's answer to first amended complaint (#71) at ¶¶ 159, 1, 6 & 9 (#71).

## II. LEGAL DISCUSSION AND ANALYSIS

**A.      Discussion**

15          **1.        Judgment on the pleadings**

16          "A judgment on the pleadings [under Federal Rule of Civil Procedure 12(c)] is properly granted

17  when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter

18  of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1988) (citing *McGann v. Ernst & Young*,

19  102 F.3d 390, 392 (9th Cir. 1996)).  A motion for judgment on the pleadings brought pursuant to Federal

20  Rule of Civil Procedure 12(c) may be brought "[a]fter the pleadings are closed but within such time as

21  not to delay the trial . . . ."  Fed.R.Civ.P. 12(c).

22          Generally, "judgment on the pleadings is improper when the district court goes beyond the

23  pleadings to resolve an issue . . . ."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d

24  1542, 1550 (9th Cir. 1989).  If a court considers "matters outside the pleadings" in its determination on

25  a motion for judgment on the pleadings, "the motion shall be treated as one for summary judgment and

26  disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity present all

27  material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(c); *see also Hal Roach Studios*,

28                                                          2

1 896 F.2d at 1550 (holding that if, on a 12(c) motion, a court considers evidence outside the pleadings,

2 the court should apply the summary judgment standard).

3       **2.      Implied Warranty of Merchantability**

4         Because jurisdiction in this case is based on diversity of citizenship, the court applies the

5 substantive law of Nevada, the forum statue. *See Conestoga Servs. Corp v. Executive Risk Indem*., 312

6 F.3d 976, 980-91 (9th Cir. 2002).  Under the Nevada Uniform Commercial Code ("UCC"), there is an

7 implied warranty that a good is merchantable and suitable for a particular purpose. *Vacation Vill., Inc.,*

8 *v. Hitachi Am., Ltd.*, 110 Nev. 481, 874 P. 2d 744, 747 (Nev. 1994) (citing Nev.Rev.Stat. §§ 104.2314-

9 2315).  Thus, "[u]nless excluded, or modified, a warranty of merchantability is implied in a contract if

10 the seller is a merchant with respect to the good in question." *Mohasco Indus., Inc., v. Anderson*

11 *Halverson Corp*., 90 Nev. 114, 520 P.2d 234, 235-36 (1974) (citing Nev.Rev.Stat. § 104.2314).  "In a

12 breach of warranty cause of action, a plaintiff must prove that a warranty existed, the defendant breached

13 the warranty, and the defendant's breach was the proximate cause of the loss sustained." *Nevada*

14 *Contract Servs., Inc., v. Squirrel Cos., Inc*., 119 Nev 157, 161, 68 P.3d 896, 899 (2003).

15 **B.     Analysis**

16       **1.      The Implied Warranty of Merchantability**

17         Peri & Sons argues that Agri-Valley breached the implied warranty of merchantability when it

18 sold defective drip tape to Peri & Sons (#78 at 6).  Peri & Sons claims that Agri-Valley admitted in its

19 answer that it is a retailer of drip irrigation tape and that it entered into a contract with Peri & Sons,

20 pursuant to which Agri-Valley would sell and Peri & Sons would buy the drip tape at issue in this case.

21         Agri-Valley argues that the implied warranty of merchantability does not exist between Peri &

22 Sons and Agri-Valley and thus cannot be breached (#81, p. 6).  Agri-Valley claims that Peri & Sons did

23 not rely on Agri-Valley's skill or judgment in purchasing the drip tape and thus, no implied warranty of

24 merchantability exists. *Id*.  Agri-Valley cites to *Mohasco* in support of this argument.  However, in that

25 case, the Nevada Supreme Court determined that the seller did not breach an implied warranty of

26 merchantability because the implied warranty was limited by an express warranty to a precise description

27 of a product. *Mohasco Indus., Inc.*, 90 Nev. 114, 520 P.2d at 236.  Further, in *Mohasco*, the product

28

1   delivered to the buyer was precisely the product the buyer specified and ordered.  This case is clearly

2   distinguishable because Peri & Sons alleges and Agri-Valley admits that the drip tape was defective.

3   Further, it is not clear at this time whether there was an express warranty between Peri & Sons and Agri-

4   Valley.

5        Moreover, there is no requirement that the buyer rely on the seller's skill or knowledge in order

6   to successfully maintain an action based on the implied warranty of merchantability.  Neither the Nevada

7   law nor the Uniform Commercial Code governing the implied warranty of merchantability discusses this

8   alleged requirement.  The Code provision governing the implied warranty of fitness for a particular

9   purpose requires that the buyer relied on the seller's skill or judgment to select or furnish suitable goods.

10  *See* Nev.Rev.Stat. § 104.2315.  However, this motion concerns a claim arising under the implied

11  warranty of merchantability.  Thus, the court disagrees with defendant's argument that no implied

12  warranty exists simply because Peri & Sons did not rely on Agri-Valley's skill or judgment.

13       Agri-Valley admitted in its answer that some portions of drip tape contained manufacturing

14  defects (#71, p. 1).  Agri-Valley also admitted that it markets and sells irrigation equipment, including

15  drip irrigation tape.  *Id*. at 3.  Therefore, the pleadings establish the warranty of merchantability is

16  implied, as a matter of law, in the agreement between Peri & Sons and Agri-Valley.

17       **2.      Breach of the Warranty of Merchantability**

18       For goods to be merchantable, they must be "fit for the ordinary purpose for which the goods are

19  used."  Nev.Rev.Stat. § 104.2314.  Agri-Valley sold drip tape to Peri & Sons that was not fit for the

20  ordinary purpose for which drip tape is used because the slits in the drip tape were admittedly blocked

21  and/or partially blocked by the glue seam (#71, paras. 7 & 8).  It is undisputed that the drip tape failed

22  to deliver water to Peri & Sons' onion crop, which rendered it unfit for its intended purpose – irrigation.

23  *Id.* at 6.  Agri-Valley breached the implied warranty of merchantability because the drip tape failed to

24  emit water for irrigation - its ordinary use; therefore, it failed to qualify as merchantable.

25       **3.      Proximate Cause**

26       Agri-Valley argues that even if an implied warranty of merchantability exists, Agri-Valley was

27  not the proximate cause of plaintiff's damages (#81, p. 8).  Agri-Valley states that it did not manufacture

28                                                        4

1   the drip tape, take possession of the drip tape, inspect the drip tape, or deliver the drip tape to plaintiff.

2   *Id.*  Further, Agri-Valley asserts that it was not responsible for any changes in condition to the drip tape

3   after defendant Jain Irrigation manufactured and delivered the drip tape to plaintiff.  *Id.*

4         The court disagrees.  The fact that Agri-Valley did not manufacture the drip tape does not relieve

5   it of liability under these facts.  The causation burden in a warranty case is satisfied when a plaintiff can

6   show that the product malfunctioned and the malfunction caused the plaintiff to suffer damages.  *See.,*

7   *e.g., Nevada Contractor Serve., Inc. v. Squirrel Companies, Inc.,* 119 Nev. 157, 161-62 (2003).  A

8   plaintiff is not required to show the specific cause of the defect to satisfy its causation burden.  *See id.*

9   Finally, any concern that Agri-Valley is unfairly facing liability in the case is ameliorated because Jain's

10  insurance company has agreed to indemnify Agri-Valley in this case (#82 at p. 8).

11        The court concludes that the cause of the defect in the drip tape or who created the defect is

12  irrelevant to the causation inquiry in a warranty context.  The pivotal question is whether the defect in

13  the drip tape caused Peri & Sons to suffer damages.  It is admitted that the blocked and partially-blocked

14  emitters caused Peri & Sons to suffer damages; therefore, Agri-Valley's failure to provide merchantable

15  goods to Peri & Sons caused Peri & Sons' damages.

16                              **III. CONCLUSION**

17        For the foregoing reasons, Peri & Sons' motion for partial judgment on the pleadings against

18  Agri-Valley (#78) is **GRANTED.**

19        Judgment shall be entered in favor of Peri & Sons and against defendant Agri-Valley Irrigation,

20  Inc., finding that Agri-Valley breached the implied warranty of merchantability and is liable for any and

21  all damages Peri & Sons proves at trial were caused by Agri-Valley's breach.

22        **IT IS SO ORDERED.**

23        Dated:  October 18, 2012.

24

25  _____

26                              **UNITED STATES MAGISTRATE JUDGE**

27

28                                 5